**EDL** E-Filing S/B 446

JS 44 (Rev. 12/07)(cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

MARY C. KERNER

## DEFENDANTS

JORGE MENDEZ, PATRICK PHILIPS, KEN SMART, UNITED AIRLINES (UAL), from 1 through 10, inclusive.

**(b)** County of Residence of First Listed Plaintiff  Marin County, California
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   San Mateo County, CA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Carl B. Shapiro,  Shapiro & Shapiro, 404 San Anselmo Avenue, San Anselmo, CA 94960, (415) 453, -7611

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and one Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900 Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | ☐ 446 Amer. w/Disabilities -Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | | | Alien Detainee | | State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1  Original Proceeding   ☐ 2  Removed from State Court   ☐ 3  Remanded from Appellate Court   ☐ 4  Reinstated or Reopened   Transferred from ☐ 5  another district (specify)   ☐ 6  Multidistrict Litigation   Appeal to District ☐ 7  Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
49 USC 1983, 42 USC 101 et seq.

Brief description of cause:
violation of civil rights, violation of A.D.A, intentional infliction emotional distress

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 1,000K

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE"

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND        ☐ SAN JOSE

DATE
September 25, 2008

SIGNATURE OF ATTORNEY OF RECORD

ORIGINAL

1 | CARL B. SHAPIRO, ESQ., #21747
SHAPIRO & SHAPIRO
2 | 404 San Anselmo Avenue
San Anselmo CA 94960
3 | Telephone: (415) 453-7611
Facsimile: (415) 453-2829

E-Filing

4
Attorneys for Plaintiff
5

6 | IN THE UNITED STATES DISTRICT COURT

7 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9 | MARY C. KERNER | C 08 No. 4528

10 | | COMPLAINT FOR VIOLATION EDL
| vs. | OF CIVIL RIGHTS (42 U.S.C. 1983);
11 | | COMPLAINT FOR VIOLATION OF
| JORGE MENDEZ, PATRICK PHILIPS, | RIGHTS UNDER A.D.A.(42 U.S.C. 101 et
12 | KEN SMART, UNITED AIRLINES (UAL), | seq.); INTENTIONAL INFLICTION OF
| Does 1 through 10, inclusive. | EMOTIONAL DAMAGE; VIOLATION
13 | | OF STATE LAWS PROTECTING
| | DISAB LED PERSONS.
14 | |
| | JURY TRIAL REQUESTED
15 | |

16 | Plaintiff complains of the defendants, and each of them, and for causes of action as

17 | hereinafter set forth alleges:

18 | **I.**

19 | **FACTS RELATING TO ALL CAUSES OF ACTION AND PROCEDURE**

20 | Plaintiff complains of the defendants, and each of them, and for causes of action alleges

21 | as follows:

22 | 1. Plaintiff is ignorant of the true name and capacity, whether individual, corporate,

23 | associate or otherwise of all defendants identified by the term DOE and these defendants are

24 | sued by this fictitious name pursuant to the laws of the jurisdiction. When the true name and

25 | capacity of such defendants has been ascertained, Plaintiff will ask leave of the court to amend

26 | her complaint to allege the true name and capacity of each such fictitiousl designated defendant.

27 | 2. Jurisdiction is vested in this Court for violation of federal statues and for pendant

28 | actions alleging violation of state law.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS          1

1    3.    Venue is in the Northern District of California since all of the relevant tortious
2 behavior occurred in the Northern District of California.

3    4.    Plaintiff, Mary C. Kerner, is a resident of the County of Marin, a disabled person
4 under the disability definitions of the federal law and State law. United Airlines is a corporation
5 receiving federal funds in the business of airline transportation and the principal place of
6 operations of United Airlines, and the place where some of the tortious behavior occurred, is in
7 the Northern District of California.

8    5.    All the acts hereinafter complained of by defendants Mendez, Philips, Smart, and
9 UAL were done under color of law in that it was anticipated that the result of their actions would
10 be the direct and proximate cause of the plaintiff's criminal charges.

11    6.    Plaintiff was a passenger for hire on UAL flight 543 on September 29, 2007. She is
12 informed and believes that UAL accepts federal subsidy of one sort or another and is therefore
13 responsible for the recognition and protection of plaintiff's rights both under the federal
14 Constitution and laws of the United States and the laws of California.

15    7.    Plaintiff is a disabled individual, so declared by the federal and state governments in
16 the evaluation of disability for benefits under appropriate legislation, and her disability is visible
17 to the extent that she uses a wheelchair under some circumstances.

18    8.    Defendants Mendez, Philips, and Smart are all employees of UAL ; Mendez is a
19 flight attendant and Philips and Smart have management responsibilities for UAL.

20    9.    Plaintiff's complaint involves her treatment on flight 543 of UAL as well as her
21 subsequent treatment showing that UAL has condoned and ratified all the acts and injuries and
22 deprivations Plaintiff suffered both on flight 543 and subsequent flights with UAL.

23    10.    The facts surrounding the deprivation of civil rights involve the refusal of Mendez to
24 accomodate for the disabilities of Plaintiff that interfered with the Plaintiff's opening the
25 bathroom door which involved assistance because of Plaintiff's wheelchair. Mendez swore out a
26 citizen's complaint against the Plaintiff, causing Plaintiff's arrest at the San Francisco
27 International Airport on September 29, 2007. As a result of all aforesaid Plaintiff was placed in
28 the custody of the San Francisco Police Department, a consequence which Mendez and UAL

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS                    2

1 | anticipated and desired.

2 |      11.   At the San Francisco airport defendant Philips took action to prejudice Plaintiff's
3 | behavior before the San Francisco Police Department causing them to treat Plaintiff as a violent
4 | person. These false representations  were thereafter entered into the records of UAL and made
5 | part of the UAL procedures at subsequent flights which Plaintiff contracted for and Plaintiff was
6 | refused the transportation for which she had contracted until she denigrated herself with a
7 | statement which no other person on the flight had to repeat.

8 |      12.   At the subsequent flights when Plaintiff was refused at first access to the plane she
9 | was in  a wheelchair and manifested a disability in that it was necessary for her to use two canes
10 | to move afoot.

11 |      13.   Plaintiff was entitled to the same treatment as other passengers, namely access
12 | without making an affirmation of her good intentions.

13 |      14.   The criminal proceedingS initiated by Mendez and prosecuted by UAL were
14 | dismissed by the District Attorney of  San Mateo County as being without basis in fact or law
15 | and that the charges had been made frivolously.  The fact that these charges were made without
16 | probable cause was known to UAL and its officialdom, or should have been so known and would
17 | have been so known by reasonable investigation.

18 |      15.   In spite of the fact that there was no validity to the charges made by Mendez and
19 | prosecuted by UAL subsequent flights were refused to Plaintiff without affirmation  by her as
20 | above-stated.

21 |      16.   The Plaintiff was protected by federal law, popularly known as A.D.A., being 42
22 | U.S.C.Sections 101 et. seq., which prohibits in the course of transportation and other activity
23 | discrimination against persons who are disabled as was Plaintiff.

24 |      17.   Defendants Mendez, Philips, and Smart, acting as agents of Defendant UAL in the
25 | course and scope of their employment, interferred with the Plaintiff's use of the restroom, refused
26 | to accomodate to Plaintiff's disabilities in seating her or moving her and in other ways making
27 | her trip on UAL without handicap. Whatever handicap Plaintiff had defendants and each of them
28 | refused to accomodate as required by law.

1      18.   California Government Code Sections  12926.1, 12940, 12040 g,h, i, j and k all are

2  designed to protect disabled persons so that their treatment and access to transportation does not

3  deteriorate because of disability. Defendants and each of them, in their treatment and refusal to

4  accomodate Plaintiff's disability, violated California law as enumerated above .

5      19.  Defendant George Mendez used excessive force in his dealing his dealing with the

6  Plaintiff while she was a passenger on flight 543.

## II.

## FIRST CAUSE OF ACTION–VIOLATION OF CIVIL RIGHTS.

9      20.  By reason of the acts and actions hereinabove set forth the Defendants and each of

10  them have violated Plaintiff's statutory and constitutional rights under color of law.

11     21.  As a result of the aforesaid,  Plaintiff claims physical and emotional damages

12  resulting from  the aforesaid and has incurred medical and psychological costs . Plaintiff has been

13  embarrassed and subjected to ignominious treatment by the defendants and each of them.

## III.

## SECOND CAUSE OF ACTION–VIOLATION OF STATE LAW.

16     22.  As and for a cause of action for the violation of California laws protecting the

17  disabled as hereinabove set forth Plaintiff repleads and incorporates each and every allegation

18  and Plaintiff further asks for damages  for emotional and physical suffering. The aforesaid

19  damages are in the amount of one million dollars.

## IV.

## THIRD CAUSE OF ACTION–VIOLATION OF A.D.A.

22     23.  As and for a separate third cause of action for violation of her rights under the

23  A.D.A. as hereinabove set forth Plaintiff repleads and adopts each and every foregoing statement

24  and requests damages in the amount of one million dollars to compensate for the emotional and

25  physical damages, and  embarrassment and other violations of rights guaranteed by A.D.A.

26  /

27  /

28  /

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS       4

**V.**

## FOURTH CAUSE OF ACTION–INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS.

24.    As and for a separate cause of action, and pursuant the provisions of California laws, the Defendants, and each of them, while in the State of California intentionally and recklessly acted in an outrageous fashion toward the Plaintiff  knowing that she was disabled, knowing that she was helpless, did the following things: (1) He refused to help her in gaining access to the bathroom although he knew that as a person in her condition she could not gain access without help; (2) She was subjected to defamatory language; (3) She was treated in an ignominious fashion when on a subsequent flight that was part of the overall intentional treatment to cause emotional damage that precluded her using the Defendant UAL's planes unless she signed or admitted a statement which was only required of her and  no other patron of UAL was subjected to this requirement.

25.    The Defendants and each of them knew or should have known that because of her condition the Plaintiff was more likely to suffer intense and serious emotional damage from the treatment that she received from United Airlines and its employees.

26.    As a direct and proximate result of the outrageous and reckless conduct of the Defendants acting in the course and scope of their employment the Plaintiff was unable to sleep, required psychological treatment, and was embarrassed and suffered severe emotional damage.

27.    As a result of all the aforesaid Plaintiff claims damages for the reckless and outrageous conduct and the results therefrom in the amount of one million dollars and costs of suit and other relief granted by law as the Court deem just and proper.

Respectfully submitted 25th day of September , 2008.

Carl B. Shapiro, Esq.
Attorney for Plaintiff

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS                5