1
2
3
4
5
6
7
8

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14

MARY C. KERNER,                                    No. C-08-04528 EDL

        Plaintiff,                                **ORDER GRANTING DEFENDANT'S**
                                                   **MOTION TO DISMISS**

   v.

JORGE MENDEZ, et al.,

        Defendants.
_____/

15
16
17
18
19
20
21
22
23
24

On September 28, 2008, Plaintiff Mary Kerner filed this action alleging claims for violation of 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12101 <u>et seq.</u>, as well as a state claim for intentional infliction of emotional distress against Defendants United Airlines and three United employees, Jorge Mendez, Patrick Philips and Ken Smart. On February 24, 2009, Plaintiff filed an amended complaint. On March 13, 2009, Defendant filed this motion to dismiss the first amended complaint. This motion was fully briefed and the Court held a hearing on April 28, 2009. For the reasons stated at the hearing and in this order, Defendant's Motion to Dismiss is granted without leave to amend as to Plaintiff's claims for violation of 42 U.S.C. § 1983 and the Americans with Disabilities Act, and granted with leave to amend as to the intentional infliction of emotional distress claim.

25

**FACTS**

26
27
28

Plaintiff is a disabled person who was a passenger on United flight 543 on September 29, 2007. Am. Compl. ¶¶ 4, 6. Defendant Mendez was a flight attendant on that flight. Am. Compl. ¶ 8. Defendants Philips and Smart are management employees with Defendant United Airlines. Am. Compl. ¶ 8.

**United States District Court**
For the Northern District of California

1    Plaintiff alleges that Mendez refused "to accommodate for the disabilities of Plaintiff that

2  interfered with the Plaintiff's opening the bathroom door which involved assistance because of

3  Plaintiff's wheelchair."  Am. Compl. ¶ 10.  Plaintiff also alleges that all Defendants "interfered with

4  Plaintiff's use of the restroom, refused to accommodate to Plaintiff's disabilities in seating her or

5  moving her and in other ways making her trip on UAL without handicap."  Am. Compl. ¶ 15.

6    Mendez allegedly swore a citizen's complaint against Plaintiff that resulted in Plaintiff's

7  arrest at the San Francisco International Airport on September 29, 2007.  Am. Compl. ¶ 10.  Plaintiff

8  was placed in the custody of San Francisco police.  Am. Compl. ¶ 10.  Plaintiff alleges that

9  Defendant Mendez was acting with the "assistance and support and ratification by company

10  representatives" and used excessive force against Plaintiff.  Am. Compl. 2:15-16; ¶ 17.  Defendant

11  Philips "took action to prejudice Plaintiff's behavior before the San Francisco Police Department

12  causing them to treat Plaintiff as a violent person."  Am. Compl. ¶ 11.  The false representations by

13  Defendants were allegedly placed into United's records and were "made part of the UAL procedures

14  at subsequent flights which Plaintiff contracted for and Plaintiff was refused the transportation for

15  which she had contracted until she denigrated herself with a statement which no other person on the

16  flight had to repeat."  Am. Compl. ¶ 11.  On subsequent flights, Plaintiff was denied first access to

17  the plane.  Am. Compl. ¶ 12.  Criminal proceedings against Plaintiff were dismissed by the district

18  attorney's office.  Am. Compl. at 2:13; ¶ 14.

19  **LEGAL STANDARD**

20    A motion to dismiss is appropriate when the plaintiff's allegations fail to "state a claim upon

21  which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A court should not grant dismissal unless "it

22  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim."  Conley v.

23  Gibson, 355 U.S. 41, 45-46 (1957).  Plaintiff needs to plead "only enough facts to state a claim to

24  relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  In

25  analyzing a motion to dismiss, the court must accept as true all allegations of material facts set forth

26  in the complaint, and draw reasonable inferences in the light most favorable to the plaintiff.  Pareto

27  v. Fed. Deposit Ins. Co., 139 F.3d 696, 699 (9th Cir. 1998).  Dismissal without leave to amend is

28  improper, unless no amendment could possibly cure the pleading's deficiencies.  Steckman v. Hart

1  Brewing, Inc., 143 F.3d 1293, 1296 (9th Cir. 1998).

2  **DISCUSSION**

3  **1.      Plaintiff's claim for violation of 42 U.S.C. § 1983 is dismissed without leave to amend**

4          A plaintiff asserting a § 1983 claim must allege that the deprivation of a constitutional right

5  was by a defendant acting under color of state law.  Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir.

6  2003).  To determine whether the private parties in this case acted under color of state law, the court

7  looks to whether Plaintiff has alleged joint action, which focuses on whether the state has "so far

8  insinuated itself into a position of interdependence with [the private entity] that it must be

9  recognized as a joint participant in the challenged activity, which on that account, cannot be

10  considered to have been so 'purely private' as to fall without the scope of the Fourteenth

11  Amendment." Burton v. Wilmington Parking Authority, 365 U.S. 715, 725 (1961); see also Lugar v.

12  Edmondson Oil Co., 457 U.S. 922, 937 (1982) (holding that in order to maintain an action against a

13  private entity based on constitutional violations, a plaintiff must show that the challenged actions are

14  "fairly attributable" to the state.).  A bare allegation of joint action is insufficient to survive a motion

15  to dismiss: "the plaintiff must allege 'facts tending to show that [the defendant] acted "under color

16  of state law or authority."'"  See Degrassi v. City of Glendora, 207 F.3d 636, 647 (9th Cir. 2000)

17  (internal citations omitted).

18          In support of her claim under § 1983, Plaintiff alleges that: "All the acts hereinafter

19  complained of by defendants Mendez, Philips, Smart and UAL were done under color of law in that

20  it was anticipated that the result of their actions would be the direct and proximate cause of the

21  plaintiff's criminal charges."  Am. Compl. ¶ 5.  She also alleges that Defendant Mendez filed a

22  citizen's arrest of Plaintiff and that she was subsequently arrested by the police at the San Francisco

23  International Airport.  Am. Compl.  1:26-27; 2:8-9.  Plaintiff alleges that by doing so, Mendez used

24  the "power and authority of law along with the concomitant action of the police force," to deprive

25  Plaintiff of her constitutional freedoms.  Am. Compl. 2:9-11.  Plaintiff alleges that the deprivation of

26  her constitutional right by Mendez with the assistance and ratification of United "was in effect under

27  color of law and with the law enforcement machinery of the City and County of San Francisco."

28  Am. Compl. 2:14-17.

United States District Court
For the Northern District of California

3

1    The Ninth Circuit has rejected the argument advanced by Plaintiff that Defendant Mendez, as

2    a private citizen and employee of Defendant United, acted under color of state law by filing out a

3    citizen's arrest form and thereby facilitating Plaintiff's arrest.  Specifically, complaining to the

4    police or swearing an affidavit that forms the basis of an arrest does not demonstrate conduct under

5    color of state law.  See Collins v. Womancare, 878 F.2d 1145, 1155 (9th Cir. 1989) ("On the other

6    hand, we have held that merely complaining to the police does not convert a private party into a state

7    actor. . . .  Nor is execution by a private party of a sworn complaint which forms the basis of an

8    arrest enough to convert the private party's acts into state action.") (internal citations omitted); see

9    also Ibharim v. Department of Homeland Security, 538 F.3d 1250, 1257-58 (9th Cir. 2008) (phone

10   call from airline employee to local police regarding the plaintiff did not constitute joint action under

11   § 1983; "But Ibharim points to no California or local law that required Nevins to place this call, so

12   Ibrahim hasn't alleged that he was acting on behalf of the state or local government. [citation

13   omitted].  Nor does Ibrahim suggest that state and local officials were somehow involved in

14   Nevins's decision to place the call, so she hasn't alleged that he conspired with state or local

15   officials or engaged in 'joint action' with them. [citation omitted]."); Peng v. Penghu, 335 F.3d 970,

16   980 (9th Cir. 2003) (holding that a single request to the police to perform their peacekeeping

17   responsibilities was insufficient to establish joint action for purposes of § 1983); Carey v.

18   Continental Airlines, Inc., 823 F.2d 1402, 1404 (10th Cir. 1987) ("If Gilbert himself made a

19   'citizen's arrest' of Carey, as Carey asserts, this does not make Gilbert a state actor.  Gilbert's

20   complaining about Carey's presence to a Tulsa police officer who, acting within the scope of his

21   statutory duties, arrested Carey after questioning him, does not, without more, constitute state action

22   for which Gilbert can be held responsible.") (internal citations omitted); Hodges v. Holiday Inn

23   Select, 2008 U.S. Dist LEXIS 35761, at *10 (E.D. Cal. May 1, 2008) ("The fact that a private party

24   complains to the police, files a complaint with the police, executes a sworn affidavit that forms the

25   basis of an arrest, or asks that an individual be arrested, does not convert the private party's acts into

26   state actions.").

27        Accordingly, without more, Plaintiff's allegations that Defendant Mendez acted under color

28   of state law because he made a citizen's arrest and Plaintiff was thereafter arrested by police do not

state a claim for violation of § 1983 by Defendant United.  At the hearing, Plaintiff's counsel acknowledged that there were no additional facts to allege in support of the § 1983 claim. Therefore, Defendant's Motion to Dismiss Plaintiff's claim for violation of § 1983 is granted without leave to amend.

**2.      Plaintiff's claim for violation of the Americans with Disabilities Act is dismissed without leave to amend**

Plaintiff's claim under the Americans with Disabilities Act ("ADA") appears to be that she was denied assistance by a flight attendant with the restroom on the plane and that Defendant refused to accommodate her disabilities by moving or reseating her.  See Am. Compl. ¶¶ 14-15.  As an aircraft operator, United is not subject to the ADA.  See 42 U.S.C. § 12181(10) (definition of "specified public transportation" for purposes of Title III of the ADA does not include airlines); Whitney v. Wurtz, 2006 WL 870680, at *3 (N.D. Cal. Apr, 4, 2006) ("The ADA does not apply to airlines in the transportation context.") (citing Access Now, Inc. v. Southwest Airlines, 385 F.3d 1324, 1332 (11th Cir. 2004) ("airlines . . . are largely not even covered by Title III of the ADA," noting that Title III defines "specified public transportation" as "transportation by bus, rail or any other conveyance (other than by aircraft).").  Accordingly, Defendant's Motion to Dismiss Plaintiff's claim against United for violation of the ADA is granted without leave to amend.

Airlines are subject to another disability access statute, the Air Carrier Access Act ("ACAA"), 49 U.S.C. § 41705.  The ACAA does not expressly provide for a private right of action. The Supreme Court's jurisprudence on implying a private right of action has evolved, with the current law as expressed in Alexander v. Sandoval, 532 U.S. 275 (2001) focusing on congressional intent and narrowing the circumstances in which courts imply a private right of action.  Prior to that decision, some courts, including the Ninth Circuit, assumed without analysis or expressly implied a private right of action under the ACAA.  See, e.g., Newman v. American Airlines, 176 F.3d 1128 (9th Cir. 1999) (assuming without any discussion and apparently without any challenge by the defendant that a private right of action existed).  After Sandoval, the Ninth Circuit has not addressed the issue, but other circuits have concluded that there is no implied private right of action under the ACAA.  See Boswell v. Skywest Airlines, 361 F.3d 1263, 1270-71 (10th Cir. 2004); Love v. Delta Airlines, 310 F.3d 1347, 1359 (11th Cir. 2002).  Under Sandoval, the critical inquiry is whether

Congress intended to create a private right of action.  See Sandoval, 532 U.S. at 288 (focusing

inquiry on examination of the statutory text for "'rights-creating' language").  The courts in Boswell

and Love carefully applied the analysis required by Sandoval to conclude that there was no implied

private right of action.  In the wake of Sandoval, this Court will not imply a private right of action.

Accordingly, even if the Court construed Plaintiff's ADA claim as arising under the ACAA, that

claim would fail for lack of a private right of action.

**3.      Plaintiff's intentional infliction of emotional distress claim is dismissed with leave to amend**

The elements of the tort of intentional infliction of emotional distress are: "(1) outrageous

conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the

probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional

distress; and (4) actual and proximate causation of the emotional distress by the defendant's

outrageous conduct."  Trerice v. Blue Cross of Cal., 209 Cal.App.3d 878, 883 (1989); Davidson v.

City of Westminster, 32 Cal.3d 197, 209 (1982).  Outrageous conduct must "be so extreme as to

exceed all bounds of that usually tolerated in a civilized society."  Id.  Conduct which exhibits mere

rudeness and insensitivity does not rise to the level required for a showing of intentional infliction of

emotional distress.  See Schneider v. TRW, Inc., 938 F.2d 986, 992 (9th Cir. 1991); see also, e.g.,

Agrawal v. Johnson, 25 Cal.3d 932, 946 (1979) ("Behavior may be considered outrageous if a

defendant: (1) abuses a relation or position which gives him power to damage the plaintiff's interest;

(2) knows the plaintiff is susceptible to injuries through mental distress; or (3) acts intentionally or

unreasonably with the recognition that the acts are likely to result in illness through mental

distress.") (disapproved of on other grounds in White v. Ultramar, Inc., 21 Cal.4th 563 (1999)).

Defendant relies on Cochran v. Cochran, 65 Cal.App.4th 488 (1998) to argue that Plaintiff

has not stated a claim for intentional infliction of emotional distress.  In that case, the court

concluded that a veiled death threat against the plaintiff's daughter left on an answering machine

that the defendant knew the plaintiff would hear and that would cause her emotional distress was

insufficient to constitute intentional infliction of emotional distress.  That case, however, is

somewhat distinguishable because, in making its ruling, the court relied on the facts that the threat

was made in the context of an "intimate relationship gone bad," and that there was no indication that

6

1   the defendant took steps to carry out the threat or otherwise make the threat appear more real.

2        Here, Plaintiff alleges that Defendants did three "things" that were outrageous: "(1) they

3   refused to help her in gaining access to the bathroom although they knew that as a person in her

4   condition, she could not gain access without help; (2) she was subjected to defamatory language; (3)

5   she was treated in an ignominious fashion when on a subsequent flight that was part of the overall

6   intentional treatment to cause emotional damage that precluded her using Defendant UAL's planes

7   unless she signed or admitted a statement which was only required of her and no other patron of

8   UAL was subjected to this requirement." Am. Compl. ¶ 21. The complaint does not allege, for

9   example, that she was unable to access the bathroom. At the hearing, Plaintiff's counsel represented

10   that other passengers enabled her to do so. Plaintiff's allegations, which at most demonstrate rude or

11   insensitive behavior, do not rise to the level of outrageous conduct required to state a claim for

12   intentional infliction of emotional distress. Plaintiff stated at the hearing that additional facts might

13   be able to be alleged in good faith to support this claim, consistent with Federal Rule of Civil

14   Procedure 11. Accordingly, Defendant's Motion to Dismiss Plaintiff's intentional infliction of

15   emotional distress claim is granted with leave to amend.

16   **CONCLUSION**

17        Defendant's Motion to Dismiss is granted without leave to amend as to the claims for

18   violation of 42 U.S.C. § 1983 and the ADA, and granted with leave to amend as to the intentional

19   infliction of emotional distress claim. Plaintiff shall file an amended complaint no later than May

20   15, 2009.

21        The initial case management conference is set for June 30, 2009. The last day to file a

22   Federal Rule of Civil Procedure 26(f) Report, complete initial disclosures or state objection in the

23   Rule 26(f) Report and file a Joint Case Management Conference Statement pursuant to the Court's

24   Standing Order regarding Contents of Joint Case Management Conference Statement is June 23,

25   2009. The last day to meet and confer regarding initial disclosures, early settlement, ADR process

26   //

27   //

28   //

1 //

2 selection and discovery plan, and to file a Joint ADR Certification to ADR Process or a Notice of

3 Need for ADR Phone Conference is June 9, 2009.

4      **IT IS SO ORDERED.**

5 Dated: May 1, 2009

       *Elizabeth D. Laporte*

6        ELIZABETH D. LAPORTE
       United States Magistrate Judge

**United States District Court**
For the Northern District of California