IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY C. KERNER,<br><br>    Plaintiff,<br><br>  v.<br><br>JORGE MENDEZ, et al.,<br><br>    Defendants.<br>_____/ | No. C-08-04528 EDL<br><br>**ORDER TAKING PLAINTIFF'S PETITION FOR INTERLOCUTORY APPEAL UNDER SUBMISSION; GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF** |

On September 28, 2008, Plaintiff Mary Kerner filed this lawsuit alleging violations of 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., as well as a state law claim for Intentional Infliction of Emotional Distress. On January 20, 2009, Defendant United Airlines filed a motion to dismiss, which became moot when Plaintiff filed an amended complaint. On March 13, 2009, Defendant United moved to dismiss Plaintiff's amended complaint. On April 28, 2009, the Court held a hearing on Defendant's Motion to Dismiss. On May 1, 2009, the Court granted Defendant's motion without leave to amend with respect to the federal claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act, but granted the motion with leave to amend with respect to the state law claim. The Court set a deadline of May 15, 2009 for the filing of an amended complaint.

Instead of filing an amended complaint, on May 14, 2009, Plaintiff filed a petition for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), seeking to appeal the dismissal of the claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act. The Court set a hearing for Plaintiff's petition for June 30, 2009.

1   On May 21, 2009, Defendant filed a motion for administrative relief seeking enforcement of
2 the order of dismissal, arguing that the case should be dismissed because no amended complaint was
3 filed. Defendant also seeks to vacate the case management conference set for June 30, 2009.
4 Plaintiff filed a response to Defendant's motion for administrative relief on May 28, 2009.

5   The Court has reviewed all of the parties' filings. The Court takes Plaintiff's petition for
6 interlocutory appeal under submission. No further briefing is necessary. The June 30, 2009 hearing
7 is vacated.

8   Defendant's motion for administrative relief is granted to the extent that it seeks to vacate the
9 June 30, 2009 case management conference and the associated pre-conference disclosures and
10 deadlines. Defendant's motion also seeks dismissal of Plaintiff's case and entry of judgment in
11 Defendant's favor at this time, based on Plaintiff's failure to file an amended complaint by the May
12 15, 2009 deadline as required by the May 1, 2009 Order. Further, Plaintiff appears to concede in her
13 opposition to Defendant's motion for administrative relief that filing an amended complaint would
14 be pointless because the federal claims have been dismissed without leave to amend. See Pl.'s
15 Response to Def.'s Multi-Motion Pleading at 3. As Defendant points out, in view of the dismissal of
16 the federal claims, the Court would likely not exercise supplemental jurisdiction over Plaintiff's
17 remaining state law claim at this early stage of the litigation. See Carnegie-Mellon Univ. v. Cohill,
18 484 U.S. 343, 349 (1988) (stating that when federal claims have dropped out of the lawsuit in its
19 early stages and only state law claims remain, it may be an abuse of discretion for the federal district
20 court to retain the case); Wren v. Sletten Const. Co., 654 F.2d 529, 536 (9th Cir. 1981) ("The
21 doctrine of pendent jurisdiction is one of discretion, not of power, as long as the federal claims are
22 substantial enough to confer subject-matter jurisdiction on the federal court. . . When the state
23 issues apparently predominate and all federal claims are dismissed before trial, the proper exercise
24 of discretion requires dismissal of the state claim."). Therefore, even if the Court were to deny
25 Plaintiff's petition for interlocutory appeal, Plaintiff is correct that the Court may well decline to
26 exercise jurisdiction over her remaining state law claim, thus permitting Plaintiff to take a final
27 appeal.

28   In order to make certain that Plaintiff understands that by not exercising the leave to amend

2

her complaint granted by the Court, she will have her case dismissed and judgment entered if this Court does not grant permission to take an interlocutory appeal, the Court gives Plaintiff one last chance, until June 5, 2009, to amend her complaint as she was previously ordered to do by May 15, 2009.

**IT IS SO ORDERED.**

Dated: May 29, 2009

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

3