IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY C. KERNER, | No. C-08-04528 EDL |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S PETITION FOR INTERLOCUTORY APPEAL** |
| v. | |
| JORGE MENDEZ, et al., | |
| Defendants. | |

On September 28, 2008, Plaintiff Mary Kerner filed this lawsuit alleging violations of 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., as well as a state law claim for Intentional Infliction of Emotional Distress. On January 20, 2009, Defendant United Airlines filed a motion to dismiss, which became moot when Plaintiff filed an amended complaint. On March 13, 2009, Defendant United moved to dismiss Plaintiff's amended complaint. On April 28, 2009, the Court held a hearing on Defendant's Motion to Dismiss. On May 1, 2009, the Court granted Defendant's motion without leave to amend with respect to the federal claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act, but granted the motion with leave to amend with respect to the state law claim. The Court set a deadline of May 15, 2009 for the filing of an amended complaint.

Instead of filing an amended complaint, on May 14, 2009, Plaintiff filed a petition for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), seeking to appeal the dismissal of the claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act. On May 29, 2009, the Court took Plaintiff's petition under submission and ordered that no further briefing was necessary. The Court has carefully reviewed Plaintiff's brief, and for the reasons stated in this order, denies the petition.

Plaintiff seeks interlocutory relief based on 28 U.S.C. § 1292,[1] which states in relevant part:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. . . . *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Section 1292(b) provides a mechanism by which litigants can bring an immediate appeal of a non-final order upon the consent of both the district court and the appellate court. See In re Cement Antitrust Litig., 673 F.2d 1020, 1026-27 (9th Cir. 1982). Section 1292(b) is to be used "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." Cement Antitrust, 673 F.2d at 1026; see also William W. Schwarzer, Federal Civil Procedure Before Trial, § 9:310 (Rutter Group) (stating that requests for interlocutory appeals of rulings on Rule 12(b)(6) motions are rarely granted). The certification requirements for interlocutory appeal are: "(1) that there is a controlling question of law; (2) that there be substantial grounds for difference of opinion; and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." Cement Antitrust, 673 F.2d at 1026.

Here, the § 1292(b) standard is not met. Accordingly, Plaintiff's petition for interlocutory appeal is denied.

**IT IS SO ORDERED.**

Dated: June 1, 2009

*Elizabeth D. Laporte*
ELIZABETH D. LAPORTE
United States Magistrate Judge

---

[1] According to Plaintiff's proposed order, Plaintiff purports to seek relief under 28 U.S.C. § 1292(d). The applicable section of the statute, however, is § 1292(b).