**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARY C. KERNER,

Plaintiff,

v.

JORGE MENDEZ, et al.,

Defendants.
_________________________________/

No. C-08-04528 EDL

**ORDER GRANTING WITH PREJUDICE DEFENDANT'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

On May 1, 2009, the Court granted without leave to amend Defendant United Airlines' motion to dismiss the first amended complaint as to Plaintiff Mary Kerner's claims for violation of 42 U.S.C. § 1983 and the Americans with Disabilities Act, and granted with leave to amend as to the intentional infliction of emotional distress claim. On June 4, 2009, Plaintiff filed her Second Amended Complaint containing only a state law claim for intentional infliction of emotional distress. On June 15, 2009, Defendant filed a motion to dismiss Plaintiff's Second Amended Complaint based on lack of jurisdiction or alternatively, for failure to state a claim. Plaintiff did not file an opposition. Because this matter was appropriate for decision without oral argument, the Court vacated the July 28, 2009 hearing on Defendant's motion.

**FACTS**

On September 29, 2007, Plaintiff was a passenger on United flight 543, for which Defendant Mendez was a flight attendant. Second Am. Compl. ¶ 1; First Am. Compl. ¶¶ 4, 6, 8. Plaintiff is a disabled person who uses a wheelchair due to a leg injury and has a medical condition which requires frequent urination. Second Am. Compl. ¶¶ 6, 7.

Plaintiff alleges that she was unable to open the bathroom door on the plane, which opened outward and required more clearance that her arm's length. Pl.'s Second Am. Compl. ¶ 8. She

United States District Court
For the Northern District of California

requested for aid from Mendez, who knew that Plaintiff required the use of a wheelchair and was sitting adjacent to the bathroom. Id. Plaintiff then alleges that "Mendez, aided and assisted by some other supervisory employees while at the San Francisco Airport, arrested [P]laintiff [...]." Id.

**DISCUSSION**

A district court may decline to exercise supplemental jurisdiction where the court has dismissed all claims over which it has original jurisdiction. See 28 U. S. C. § 1367(c)(3); see also United Mine Workers of Am. v. Gibbs, 383 U. S. 715, 726 (1966) ("It has consistently been recognized that [supplemental] jurisdiction is a doctrine of discretion, not of plaintiff's right."). While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the Gibbs values of "economy, convenience, fairness, and comity." Acri v. Varian Associates, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc); see also Multi Denominational Ministry of Cannabis and Rastafari, Inc. v. Gonzales, 474 F.Supp.2d 1133, 1148 (N.D. Cal. 2007) (declining to exercise supplemental jurisdiction over plaintiffs' state law claim because the case was still in its early stages and that aside from defendants' current motions to dismiss, the court had yet to consider any dispositive motions)

This case is still in an early stage even though it has been on file since September 2008. Defendant was not served until January 2009, and since that time, the parties have been litigating Defendant's motions to dismiss. The parties have not yet appeared for an initial case management conference, and no discovery has occurred to date. See Def.'s Mot. to Dismiss Second Am. Compl. at 7. Further, Plaintiff's federal claims were dismissed without leave to amend, and the second amended complaint contains only one state law claim. At this early stage of the case and in consideration of the Gibbs values of "economy, convenience, fairness, and comity," the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim. Accordingly, Defendant's Motion to Dismiss Second Amended Complaint is granted with prejudice.

**IT IS SO ORDERED.**

Dated: August 6, 2009

Elizabeth D. Laporte

ELIZABETH D. LAPORTE
United States Magistrate Judge